**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JASON LAWS,

              Plaintiff,

              v.                              CAUSE NO.: 3:25-CV-414-TLS

FRANK BISIGNANO, Commissioner of the
Social Security Administration,

              Defendant.

## OPINION AND ORDER

The Plaintiff Jason Laws seeks review of the final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits and supplemental security income. The Plaintiff argues that the Administrative Law Judge (ALJ) failed to satisfy her burden of proof at step five of the sequential analysis by basing her finding on unreliable vocational testimony. For the reasons below, the Court finds that reversal and remand for further proceedings is required.

## PROCEDURAL BACKGROUND

On May 20, 2022, and June 9, 2022, the Plaintiff filed applications for disability insurance benefits and supplemental security income, respectively, alleging disability beginning on January 1, 2018. AR 265, 267, ECF No. 6. After the claims were denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on December 14, 2023. AR 23, 49–86. On March 19, 2024, the ALJ issued a written decision, finding the Plaintiff not disabled. AR 23–40. The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–6. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th

Cir. 2019). On May 9, 2025, the Plaintiff filed his Complaint [ECF No. 1] in this Court, seeking judicial review under 42 U.S.C. § 405(g). The Plaintiff filed an opening brief, the Commissioner filed a response brief, and the Plaintiff filed a reply brief. ECF Nos. 10, 13, 14.

### THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a).[1] To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see* 20 C.F.R. § 404.1512.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from October 6, 2021, through the date of the decision. AR 26–27.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe

---

[1] The Court cites the disability insurance benefits statutes and regulations, which are largely identical to those applicable to supplemental security income. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

impairments of history of deep vein thrombosis; angina; coronary artery disease; anemia; colitis; chronic kidney disease; hypertension; status post right second and third finger half digit amputations; obesity; learning disorder; major depressive disorder, recurrent, severe. AR 27.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings [in appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 404.1520(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that she considered Listings 1.20, 4.02, 4.04, 4.05, 4.11, 5.06, 6.05, 6.06, 6.09, 12.04, 12.05. AR 28.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the individual can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The individual can occasionally balance, stoop, kneel, crouch, and crawl. The individual can understand, remember, and carry out simple instructions. The individual is limited to frequent handling with the right non-dominant upper extremity.

AR 33.

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work under 20 C.F.R. § 404.1565. AR 38.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of document preparer (19,000 jobs), hand mounter (9,000 jobs), and semiconductor bonder (16,000 jobs). AR 39.

### STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that

of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

As noted above, at step five of the sequential analysis, the burden shifts to the ALJ to prove that the Plaintiff has the capacity to perform other work and that such work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 404.1560(c)(2); *Fetting v. Kijakazi*, 62 F.4th 332, 336 (7th Cir. 2023) (citing *Ruenger v. Kijakazi*, 23 F.4th 760, 761 (7th Cir. 2022)). Here, the Plaintiff argues that the ALJ erred at step five by relying on vocational expert testimony that was neither current nor reliable. *See* 20 C.F.R. § 404.1560.

The Plaintiff argues that the ALJ erred by relying on the vocational expert testimony that he could perform work as a document preparer and that there are 19,000 such jobs in the national economy. The DOT describes the occupation of Document Preparer, Microfilming as:

> Prepares documents, such as brochures, pamphlets, and catalogs, for microfilming, using paper cutter, photocopying machine, rubber stamps, and other work devices: Cuts documents into individual pages of standard microfilming size and format when allowed by margin space, using paper cutter or razor knife. Reproduces document pages as necessary to improve clarity or to reduce one or more pages into single page of standard microfilming size, using photocopying machine.

DOT 249.587-018, 1991 WL 672349. Both parties recognize that the Commissioner has conceded the obsolescence of this job, issuing an Emergency Message effective January 6, 2025, that directs that ALJ hearing decisions "may not cite" this occupation to support a finding at step five without an explanation as to how some "additional evidence" demonstrates that the job continues to exist. EM-24027 REV (available at https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM) (last visited July 31, 2026) (recognizing that the job of document preparer is one that may have been "replaced by more modern materials or processes"). The parties agree that there is no such additional evidence in this case. *Cf. Jared T. v. Bisignano*, No. 25-CV-1343, 2026 WL 2099142, at *8 (E.D. Wis. July 21, 2026) (finding that the vocational expert provided the necessary additional evidence for the document preparer, microfilming job). Notably, prior to the issuance of the Emergency Message, courts had repeatedly found the job of Document Preparer, Microfilming to be obsolete such that it cannot support an ALJ's decision. *See, e.g.*, *Fields v. Comm'r of Soc. Sec.*, No. 1:21-CV-133, 2022 WL 1599437, at *2–3 (N.D. Miss. May 20, 2022); *Kiiroja v. Comm'r of Soc. Sec.*, 525 F. Supp. 3d 412, 413 (E.D.N.Y. 2021); *Wolvin v. Saul*, No. 18-CV-1285, 2019 WL 4880854, at *6 (E.D. Wis. Oct. 3, 2019); *Dawn P. v. Kijakazi*, No. 2:22-CV-68, 2022 WL 4592017, at *6 (N.D. Ind. Sept. 30, 2022).[2]

---

[2] The Commissioner notes that the ALJ's decision was issued on March 19, 2024, prior to the issuance of EM-24027 REV on January 6, 2025. However, the case law supports disregarding the 19,000 document preparer jobs, and the Commissioner does not argue that the 19,000 document preparer jobs were properly considered by the ALJ.

Nevertheless, the Commissioner argues that the ALJ's reliance on those 19,000 document preparer jobs is harmless because substantial evidence supports the ALJ's step five finding solely on the remaining 25,000 jobs the ALJ found the Plaintiff can perform in the national economy of hand mounter (9,000 jobs) and semiconductor bonder (16,000 jobs). *See Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) ("We will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result. An error is harmless if, upon examination of the record, the court can predict with great confidence what the result of remand will be." (cleaned up)). Recognizing that the Seventh Circuit Court of Appeals has not set a minimum threshold for the number of jobs that constitutes a significant number of jobs in the national economy, the Commissioner argues that 25,000 jobs is more than adequate for the Commissioner to meet his burden at step five.

An "ALJ is granted discretion to determine what constitutes a 'significant' number of jobs on a case-by-case basis." *Milhem v. Kijakazi*, 52 F.4th 688, 694 (7th Cir. 2022) (discussing significance in terms of job numbers and the lack of a standard for significance). In *Milhem*, the Seventh Circuit found 89,000 jobs in the national economy sufficient, citing out-of-circuit cases finding 10,000, 25,000, and 32,000 jobs sufficient. *Id.* at 696–97 (citing *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022) (32,000 national jobs); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (25,000 national jobs); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (10,000 national jobs); *Weiler v. Apfel*, 179 F.3d 1107, 1110–11 (8th Cir. 1999) (32,000 national jobs)).

Here, however, the Court cannot predict with great confidence that the ALJ on remand would find the combined 25,000 jobs of hand mounter (9,000 jobs) and semiconductor bonder (16,000 jobs) to be a significant number of jobs in the national economy. *See Wilder*, 22 F.4th at

654. These remaining jobs are little more than half of the original 44,000 jobs the ALJ found to be sufficient. It is one thing to affirm an ALJ's decision that the 89,000 jobs for three positions are a significant number in the national economy by citing cases where 10,000, 25,000, and 32,000 total jobs were sufficient, *see Milhem*, 52 F.4th at 692, 696 (noting that the plaintiff did "not dispute the substantive correctness of the vocational expert's testimony"); it is another to find with great confidence that the ALJ would find only a little more than half the jobs the ALJ originally found to be a significant number in the national economy to still meet that requirement.

Accordingly, the Court remands for the ALJ to consider the jobs available in the national economy at step five in light of EM-24027 REV. The Court need not address the Plaintiff's remaining argument.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 10] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on July 31, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

8